1
2
3
4
5
6
7
8
9
10

# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

11

PHIL SAMPSON,

12
               Plaintiff,

13
       v.

14
GILLESPIE, et al.,

15
               Defendants.

16
17
18
19

Case No. 1:20-cv-00322-DAD-SAB

ORDER ENTERING STIPULATED
PROTECTIVE ORDER RE CONFIDENTIAL
DOCUMENTS

(ECF No. 26)

20                    **STIPULATED PROTECTIVE ORDER**

21    **1.    SCOPE OF PROTECTION.**

22          The protections conferred by the parties' Stipulation and this Order cover not only

23    Protected Material/Confidential Documents (as defined above), but also (1) any information

24    copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations

25    of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their

26    Counsel that might reveal Protected Material.  However, the protections conferred by the parties'

27    Stipulation and this Order do *not* cover the following information: (a) any information that is in

28    the public domain at the time of disclosure to a Receiving Party or becomes part of the public

                                        1

domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.

The Definitions section of the parties' associated Stipulation (§ 2) is incorporated by reference herein.

**Any use of Protected Material at trial shall be governed by the Orders of the trial judge: this Stipulation and its associated Protective Order do not govern the use of Protected Material at trial.**

**2.     PURPOSES AND LIMITATIONS.**

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting or defending this litigation would be warranted.  Accordingly, the parties have stipulated to and petitioned the court to enter the following Order.

The parties have acknowledged that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the specified information or items that are entitled, under the applicable legal principles, to treatment as confidential.

The parties further acknowledge, as set forth below, that this Order creates no entitlement to file confidential information under seal, except to the extent specified herein; Eastern District Local Rules 141, 141.1, 143, 230 and/or 251 forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the court to file material under seal.

Nothing in this Order shall be construed so as to require or mandate that any Party disclose or produce privileged information or records that could be designated as Confidential Documents/Protected Material hereunder.

2

**3.      DURATION OF PROTECTION.**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**4.      DESIGNATION OF PROTECTED MATERIAL**

4.1.    Exercise of Restraint and Care in Designating Material for Protection.

Each Party or non-party that designates information or items for protection under the parties' Stipulation and this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routine designations are prohibited.  Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to unnecessarily encumber or inhibit the case development process, or to impose unnecessary expenses and burdens on other parties), expose the Designating Party to sanctions.

If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

4.2.    Manner and Timing of Designations.  Except as otherwise provided in this Order, or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)     for information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings, and regardless of whether produced in hardcopy or electronic form), that the Producing Party affix the legend "CONFIDENTIAL" to each page that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion that it is "CONFIDENTIAL."  The placement of such "CONFIDENTIAL" stamp on such page(s) shall not obstruct the substance of the page's (or pages') text or content.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" legend to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b)     for testimony given in deposition or in other pretrial or trial proceedings, that the Party or non-party offering or sponsoring the testimony identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony, and further specify any portions of the testimony that qualify as "CONFIDENTIAL."  When it is impractical to identify separately each portion of testimony that is entitled to protection, and when it appears that substantial portions of the testimony may qualify for protection, the Producing Party may invoke on the record (before the deposition or proceeding is concluded) a right to have up to twenty (20) days to identify the specific portions of the testimony as "CONFIDENTIAL."     Only     those portions of the testimony that are appropriately designated as "CONFIDENTIAL" for protection within the 20 days shall be covered by the provisions of the parties' Stipulation and this

1   Protective Order.

2          Transcript pages containing Protected Material must be separately bound by the court

3   reporter, who must affix to each such page the legend "CONFIDENTIAL," as instructed by the

4   Producing Party.

5          (c)    for information produced in some form other than documentary, and for any other

6   tangible items (including but not limited to information produced on disc or electronic data

7   storage device), that the Producing Party affix in a prominent place on the exterior of the

8   container or containers in which the information or item is stored the legend "CONFIDENTIAL."

9   If only portions of the information or item warrant protection, the Producing Party, to the extent

10  practicable, shall identify the protected portions, specifying the material as "CONFIDENTIAL."

11         4.3.    Inadvertent Failures to Designate.   If timely corrected (preferably, though not

12  necessarily, within 30 days of production or disclosure of such material), an inadvertent failure to

13  designate qualified information or items as "CONFIDENTIAL" does not, standing alone, waive

14  the Designating Party's right to secure protection under the parties' Stipulation and this Order for

15  such material.  If material is appropriately designated as "CONFIDENTIAL" *after* the material

16  was initially produced, the Receiving Party, on timely notification of the designation, must make

17  reasonable efforts to assure that the material is treated in accordance with the parties' Stipulation

18  and this Order.

19         4.4.    Alteration of Confidentiality Stamp Prohibited.  A Receiving Party shall not alter,

20  edit, or modify any Protected Material so as to conceal, obscure, or remove a "CONFIDENTIAL"

21  stamp or legend thereon; nor shall a Receiving Party take any other action so as to make it appear

22  that Protected Material is not subject to the terms and provisions of the parties' Stipulation and

23  this Order.  However, nothing in this section shall be construed so as to prevent a Receiving Party

24  from challenging a confidentiality designation subject to the provisions of section 4, *infra*.

25  **5.      CHALLENGING CONFIDENTIALITY DESIGNATIONS.**

26         5.1.    Timing of Challenges.  Any Party or Non-Party may challenge a designation of

27  confidentiality at any time that is consistent with the Court's Scheduling Order.   Unless a prompt

28  challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable

substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

5.2.   Meet and Confer.  Prior to challenging a confidentiality designation, a Challenging Party shall initiate a dispute resolution process by providing written notice of each specific designation it is challenging, and describing the basis (and supporting authority or argument) for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of this Protective Order.  The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue, either in person, telephonically, or by other comparable means, but *not* by correspondence) within 14 days of the date of service of notice.

In conferring, the Challenging Party must explain the specific basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

Frivolous challenges, and those challenges made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties), may expose the Challenging Party to sanctions.

5.3.   Judicial Intervention.  If the Parties cannot resolve a confidentiality challenge without court intervention, the Challenging Party shall file and serve a motion to remove confidentiality (under the applicable rules for filing and service of discovery motions) within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, or by the first day of trial of this matter, whichever date is earlier – unless the parties agree in writing to a longer time.

The parties must strictly comply with Eastern District Local Rules 141, 141.1, 143, 230 and/or 251 (including the joint statement re discovery dispute requirement) in any motion associated with this Protective Order.

Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof.  Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party, regardless of whether the Designating Party is the moving party or whether such Party sought or opposes judicial intervention. Frivolous challenges, and those made for an improper purpose (*e.g*., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to oppose a motion to remove confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

5.4.   Withdrawal of "CONFIDENTIAL" Designation.  At its discretion, a Designating Party may remove Protected Material/Confidential Documents from some or all of the protections and provisions of the parties' Stipulation and this Order at any time by any of the following methods:

(a)   Express Written Withdrawal.   A Designating Party may withdraw a "CONFIDENTIAL" designation made to any specified Protected Material/Confidential Documents from some or all of the protections of the parties' Stipulation and this Order by an express withdrawal in a writing signed by such Party (or such Party's Counsel, but not including staff of such Counsel) that specifies and itemizes the Disclosure or Discovery Material previously designated as Protected Material/Confidential Documents that shall no longer be subject to all or

7

some of the provisions of the parties' Stipulation and Order.  Such express withdrawal shall be effective when transmitted or served upon the Receiving Party.  If a Designating Party is withdrawing Protected Material from only some of the provisions/protections of the parties' Stipulation and this Order, such Party must state which specific provisions are no longer to be enforced as to the specified material for which confidentiality protection hereunder is withdrawn: otherwise, such withdrawal shall be construed as a withdrawal of such material from all of the protections/provisions of the parties' Stipulation and this Order;

(b)     Express Withdrawal on the Record.  A Designating Party may withdraw a "CONFIDENTIAL" designation made to any specified Protected Material/ Confidential Documents from all of the provisions/protections of the parties' Stipulation and this Order by verbally consenting in court proceedings on the record to such withdrawal – provided that such withdrawal specifies the Disclosure or Discovery Material previously designated as Protected Material/Confidential Documents that shall no longer be subject to any of the provisions of the parties' Stipulation and this Order.  A Designating Party is not permitted to withdraw Protected Material from only some of the protections/ provisions of the parties' Stipulation and this Order by this method;

(c)     Implicit Withdrawal by Publication or Failure to Oppose Challenge.  A Designating Party shall be construed to have withdrawn a "CONFIDENTIAL" designation made to any specified Protected Material/Confidential Documents from all of the provisions/protections of the parties' Stipulation and this Order by either (1) making such Protected Material/Confidential Records part of the public record – including but not limited to attaching such as exhibits to any filing with the court without moving, prior to such filing, for the court to seal such records; or (2) failing to timely oppose a Challenging Party's motion to remove a "CONFIDENTIAL" designation to specified Protected Material/Confidential Documents.

Nothing in the parties' Stipulation and this Order shall be construed so as to require any Party to file Protected Material/Confidential Documents under seal, unless expressly specified herein.

///

8

**6.      ACCESS TO AND USE OF PROTECTED MATERIAL.**

6.1.    <u>Basic Principles</u>.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for preparing, prosecuting, defending, or attempting to settle this litigation – up to and including final disposition of the above-entitled action – and not for any other purpose, including any other litigation or dispute outside the scope of this action.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in the parties' Stipulation and this Order.  When the above entitled litigation has been terminated, a Receiving Party must comply with the provisions of section 9, below (FINAL DISPOSITION). Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under the parties' Stipulation and its Order.

6.2.    <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

(a)      the Receiving Party's Outside Counsel of record in this action, as well as employees of such Counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b)      the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation – each of whom, by accepting receipt of such Protected Material, thereby agree to be bound by the parties' Stipulation and this Order;

(c)      Experts (as defined in the parties' Stipulation and this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation – each of whom, by accepting receipt of such Protected Material, thereby agree to be bound by the parties' Stipulation and this Order;

(d)      court reporters, their staffs, and Professional Vendors to whom disclosure is reasonably necessary for this litigation – each of whom, by accepting receipt of such Protected

Material, thereby agree to be bound by the parties' Stipulation and this Order;

(e)     during their depositions, witnesses in the action to whom disclosure is reasonably necessary – each of whom, by accepting receipt of such Protected Material, thereby agree to be bound by the parties' Stipulation and this Order.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may not be disclosed to anyone except as permitted under the parties' Stipulation and this Protective Order.

(f)     the author or custodian of a document containing the information that constitutes Protected Material, or other person who otherwise possessed or knew the information.

6.3.   <u>Notice of Confidentiality</u>.   Prior to producing or disclosing Protected Material/Confidential Documents to persons to whom the parties' Stipulation and this Order permits disclosure or production (see section 5.2, *supra*), a Receiving Party shall provide a copy of the parties' Stipulation and Order to such persons so as to put such persons on notice as to the restrictions imposed upon them herein: except that, for court reporters, Professional Vendors, and for witnesses being provided with Protected Material during a deposition, it shall be sufficient notice for Counsel for the Receiving Party to give the witness a verbal admonition (on the record, for witnesses) regarding the provisions of the parties' Stipulation and this Order and such provisions' applicability to specified Protected Material at issue.

6.4.   <u>Reservation of Rights</u>.  Nothing in the parties' Stipulation and this Order shall be construed so as to require any Producing Party to designate any records or materials as "CONFIDENTIAL."  Nothing in the parties' Stipulation or this Order shall be construed so as to prevent the admission of Protected Material into evidence at the trial of this action, or in any appellate proceedings for this action, solely on the basis that such Disclosure or Discovery Material has been designated as Protected Material/Confidential Documents.  Notwithstanding the foregoing, nothing in the parties' Stipulation or this Order shall be construed as a waiver of any privileges or of any rights to object to the use or admission into evidence of any Protected Material in any proceeding; nor shall anything herein be construed as a concession that any privileges asserted or objections made are valid or applicable.

Nothing in the parties' Stipulation or this Order shall be construed so as to prevent the

1   Designating Party (or its Counsel or custodian of records) from having access to and using

2   Protected Material designated by that Party in the manner in which such persons or entities would

3   typically use such materials in the normal course of their duties or profession – except that the

4   waiver of confidentiality provisions shall apply (see section 4.4(c), *supra*).

5       6.5.   <u>Requirement to File Confidential Documents Under Seal</u>.   Confidential

6   Documents may be submitted in all law and motion proceedings before the Court if done so under

7   seal pursuant to Federal Rules of Civil Procedure 5.2 and 26 and/or United States District Court,

8   Eastern District of California Local Rules 141, 141.1, 143, 230 and/or 251 (as applicable) and

9   pursuant to the provisions of the parties' Stipulation and this Order.  If any Receiving Party

10  attaches any Confidential Documents to any pleading, motion, or other paper to be filed, lodged,

11  or otherwise submitted to the Court, such Confidential Document(s) shall be filed/lodged under

12  seal pursuant to Federal Rules of Civil Procedure 5.2 and 26 and/or United States District Court,

13  Eastern District of California Local Rules 141, 141.1, 143, 230 and/or 251 to the extent

14  applicable.

15      However, this paragraph (¶ 6.5) shall not be construed so as to prevent a Designating

16  Party or counsel from submitting, filing, lodging, or publishing any document it has previously

17  designated as a Confidential Document without compliance with this paragraph's requirement to

18  do so under seal (i.e., a producing-disclosing party or counsel may submit or publish its own

19  Confidential Documents without being in violation of the terms of the parties' Stipulation and this

20  Protective Order).

21      Furthermore, a Receiving Party shall be exempted from the requirements of this paragraph

22  as to any specifically identified Confidential Document(s) where – prior to the submission or

23  publication of the Confidential Document(s) at issue – the Designating Party of such specifically

24  identified Confidential Document(s) has waived/withdrawn the protections of the parties'

25  Stipulation and this Order (pursuant to paragraph 4.4, *supra*).

26      A Receiving Party shall also be exempt from the sealing requirements of this paragraph (¶

27  6.5) where the Confidential Documents/Protected Material at issue is/are **not** documents, records,

28  or information regarding:

(1)     private, personal information contained in peace officer personnel files (such as social security numbers, driver's license numbers or comparable personal government identification numbers, residential addresses, compensation or pension or personal property information, credit card numbers or credit information, dates of birth, tax records and information, information related to the identity of an officer's family members or co-residents, and comparable personal information about the officer or his family);

(2)     any internal affairs or comparable investigation by any law enforcement agency into alleged officer misconduct; and/or

(3)     the medical records or records of psychiatric or psychological treatment of any peace officer or party to this action.

Nothing in this paragraph shall be construed to bind the Court or its authorized staff so as to limit or prevent the publication of any Confidential Documents to the jury or factfinder, at the time of trial of this matter, where the Court has deemed such Confidential Documents to be admissible into evidence.

## 7.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION.

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that Party must:

(a)  promptly notify in writing the Designating Party, preferably (though not necessarily) by facsimile or electronic mail.  Such notification shall include a copy of the subpoena or court order at issue;

(b)  promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to the parties' Stipulation and this Protective Order.  Such notification shall include a copy of the parties' Stipulation and this Protective Order; and

(c)  cooperate with respect to all reasonable procedures sought to be pursued by all sides in any such situation, while adhering to the terms of the parties' Stipulation and this Order.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

The purpose of this section is to ensure that the affected Party has a meaningful opportunity to preserve its confidentiality interests in the court from which the subpoena or court order issued.

**8.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL.**

8.1.    <u>Unauthorized Disclosure of Protected Material</u>.

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under the parties' Stipulation and this Order, the Receiving Party must immediately:

(a) notify in writing the Designating Party of the unauthorized disclosures;

(b) use its best efforts to retrieve all copies of the Protected Material;

(c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order; and

(d) request such person or persons consent to be bound by the Stipulation and this Order.

8.2.    <u>Inadvertent Production of Privileged or Otherwise Protected Material</u>.

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may

13

1  incorporate their agreement in the stipulated protective order submitted to the court.

2  **9.    PUBLICATION OF PROTECTED MATERIAL PROHIBITED.**

3       9.1.    Filing of Protected Material.

4       Without advance written permission from the Designating Party, or a court order secured

5  after appropriate notice to all interested persons, a Receiving Party may not file in the public

6  record in this action any Protected Material.  A Party that seeks to file under seal any Protected

7  Material must comply with the applicable Federal and Local Rules.

8       9.2.    Public Dissemination of Protected Material.

9       A Receiving Party shall not publish, release, post, or disseminate Protected Material to

10 any persons except those specifically delineated and authorized by the parties' Stipulation and

11 this Order (see section 5, *supra*); nor shall a Receiving Party publish, release, leak, post, or

12 disseminate Protected Material/Confidential Documents to any news media, member of the press,

13 website, or public forum (except as permitted under this Order regarding filings with the court in

14 this action and under seal).

15 **10.   FINAL DISPOSITION.**

16      Unless otherwise ordered or agreed in writing by the Producing Party, within thirty (30)

17 days after the final termination of this action (defined as the dismissal or entry of judgment by the

18 above named court, or if an appeal is filed, the disposition of the appeal), upon written request by

19 the Producing Party, each Receiving Party must return all Protected Material to the Producing

20 Party – whether retained by the Receiving Party or its Counsel, Experts, Professional Vendors,

21 agents, or any non-party to whom the Receiving Party produced or shared such records or

22 information.   As used in this subdivision, "all Protected Material" includes all copies, abstracts,

23 compilations, summaries or any other form of reproducing or capturing any of the Protected

24 Material, regardless of the medium (hardcopy, electronic, or otherwise) in which such Protected

25 Material is stored or retained.

26      In the alternative, at the discretion of the Receiving Party, the Receiving Party may

27 destroy some or all of the Protected Material instead of returning it – unless such Protected

28 Material is an original, in which case, the Receiving Party must obtain the Producing Party's

1   written consent before destroying such original Protected Material.

2   　　　Whether the Protected Material is returned or destroyed, the Receiving Party must submit

3   a written certification to the Producing Party (and, if not the same person or entity, to the

4   Designating Party) within thirty (30) days of the aforementioned written request by the

5   Designating Party that specifically identifies (by category, where appropriate) all the Protected

6   Material that was returned or destroyed and that affirms that the Receiving Party has not retained

7   any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of

8   the Protected material (in any medium, including but not limited to any hardcopy, electronic or

9   digital copy, or otherwise).

10   　　　Notwithstanding this provision, Counsel are entitled to retain an archival copy of all

11   pleadings, motion papers, transcripts, legal memoranda filed with the court in this action, as well

12   as any correspondence or attorney work product prepared by Counsel for the Receiving Party,

13   even if such materials contain Protected Material; however, any such archival copies that contain

14   or constitute Protected Material remain subject to this Protective Order as set forth in Section 2,

15   above.  This court shall retain jurisdiction in the event that a Designating Party elects to seek

16   court sanctions for violation of the parties' Stipulation and this Order.

17   **11.   <u>MISCELLANEOUS.</u>**

18   　　　11.1.   <u>Right to Further Relief</u>.  Nothing in the parties' Stipulation or this Order abridges

19   the right of any person to seek its modification by the Court in the future.

20   　　　11.2.   <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Protective

21   Order pursuant to the parties' Stipulation, no Party waives any right it otherwise would have to

22   object to disclosing or producing any information or item on any ground not addressed in the

23   parties' Stipulation or this Order.  Similarly, no Party waives any right to object on any ground to

24   use in evidence any of the material covered by the parties' Stipulation and this Protective Order.

25   ///

26   ///

27   ///

28   ///

1      **COURT ORDER ENTERING STIPULATED PROTECTIVE ORDER**

2           Pursuant to the stipulation of the parties and good cause appearing, IT IS HEREBY

3   ORDERED that:

4      1.      The above stipulated protective order is ENTERED;

5      2.      The provisions of the parties' stipulation and this protective order shall remain in

6              effect until further order of the Court;

7      3.      The parties are advised that pursuant to the Local Rules of the United States

8              District Court, Eastern District of California, any documents which are to be filed

9              under seal will require a written request which complies with Local Rule 141;

10     4.      The party making a request to file documents under seal shall be required to show

11             either good cause or compelling reasons to seal the documents, depending on the

12             type of filing, Pintos v. Pac. Creditors Ass'n, 605 F.3d 665, 677–78 (9th Cir.

13             2009); Ctr. for Auto Safety v. Chrysler Grp., LLC, 809 F.3d 1092, 1101 (9th Cir.

14             2016); and

15     5.      If a party's request to file Protected Material under seal is denied by the Court,

16             then the previously filed material shall be immediately accepted by the court and

17             become information in the public record and the information will be deemed filed

18             as of the date that the request to file the Protected Information under seal was

19             made.

20

21   IT IS SO ORDERED.

22   Dated:  __July 7, 2022__                    _____

23                                               UNITED STATES MAGISTRATE JUDGE

24

25

26

27

28